This next case is 4-15-0596, People v. Robeson-Braham-Bailey. Appearing for the appellant is Attorney James Martinkus, and for the appellee is Attorney John Zimmerman. Mr. Martinkus, are you ready to proceed? I am, Judge. You may. Thank you. This court should reverse the sentencing decision of the trial court and remand for a new sentence. The reason it should is that the sentencing judge did not consider rehabilitation, and did not specifically state in his sentencing decision that he so considered it. Is he required to do that? I think so. This court has stated in both Blair v. Bailey, quote, in the opposing sentence, the Illinois Constitution requires the trial court to balance the defendant's potential for rehabilitation with the seriousness of the offense. The Constitution mandate calls for balancing the retributive and referencing... No, that wasn't my question. Is he required to state it? Yes, People v. Heff. The courts have mandated that rehabilitation must be an actual objective of the sentence and be clearly stated by the trial court as a consideration. Who wrote that? That is a First District case, 194-307. When was that written? I'm sorry? What's the date on that? That was a 1990 case. That's clearly wrong, isn't it, Mr. Martinkus? There's no such requirement that judges have to state any such thing in sentencing. Aren't there a legion of cases explaining that judges don't have to go through a litany of all the factors and mitigation to demonstrate that it was considered? No question about it, Judge. That's right. Why are you even citing that to us? Because I think the issue of rehabilitation is different than simply going through the reasons of mitigation, weighing, aggravation, and so forth. Rehabilitation seems to me to be something that the Constitution mandates that the trial court consider. And here, if you look at the transcript, pages 71 through 74, there's not a single mention of rehabilitation by the trial court. So we're left with the position where you can infer that the trial court may have considered something, but there's nothing in the record to show that the court trial court did. So all the other mitigating factors don't have to be specifically mentioned, but this one does? Judge, I think that's the case. I think this is the situation where the only Constitution mandates that the trial court consider rehabilitation as a specific element of the court's consideration of sentencing. From the time of sentence to the original sentence was six and a half years, to the time of the order upon reconsideration of sentence, which was a reduction to three and a half years, was the only thing that happened was the motion to reconsider and the evidence presented in support of that, which was the rehabilitation evidence? I think principally, Your Honor, but there was a second case that came up during that period of time. The sentencing reconsideration hearing was in tandem with the sentencing in another case. So those two cases were considered by the trial court at the same time. Well, what did the trial court base its reduction in sentence on, if not for the rehabilitation evidence that was presented in support of the motion to reconsider? Your Honor, I can't sit here and tell you that it's not a reasonable inference that the court certainly listened to the testimony of the witnesses, Dr. Wendy Heller, who testified and presented it. Certainly, the court may have done that. But, in fact, if you believe that this case law and the Constitution requires the court to recite it and state specifically that that's what it did, that's what's absent in this case. There is no consideration mentioned by the trial court. It's not something that the court has stated that it considered Dr. Heller's report. Dr. Heller's report is replete with all sorts of language showing that this gentleman did, in fact, have difficulties. He had ADHD, had delayed language acquisition, had cognitive and executive functioning problems. And when she testified, she set out very clearly that there are now new rehab potential, there are new places in the community that can treat these conditions. Her testimony is replete with respect to those particular types of rehabilitative potential centers and treatment and so forth. So that's what I think that is missing in this case. There is nothing to suggest by the trial court other than the reduction in sentencing. If this court believes that the mere reduction in sentencing is sufficient, then obviously Mr. Graham loses. But if, in fact, this court believes that there has to be some recitation, some consideration, specifically set forth in the record by the trial court that it did consider the rehabilitation potential, that wasn't done in this case. And I think that's what this comes down to. Because, again, Dr. Heller very specifically talks about various different opportunities in the community. And how she testifies in this case, he was not given the opportunity to address some of these issues. She testifies clearly at length about how all of these issues with this individual had great effect on his ability to comport himself, to comply, and so forth. She talks about, at page 13 of the transcript, there are people who are using advanced biofeedback techniques for EEG, using EEG for treatment of ADHD. They're here. And she continues and says there's a variety of these available here in the community. So it's in that context that what we bring before this court is whether or not the trial court did, in fact, consider all of the rehabilitation potential. The other thing I think that the court has to look at in terms of rehabilitation potential is Mr. Robeson's own statement in elocution. Here he said, first step to any process like this has to do with recognizing you're powerless over your addiction. And I recognize that. That's different than, I think, what he had ever recognized before. He stated clearly in elocution, alcohol and drugs, it's a problem for me. And that's something that I have kind of, for a period of time, had a thinking error in believing that it's not a problem. This is one of the reasons that I'm deeply committed to treatment in a way that I've never been before. Now, again, can I sit here and argue that if one looks at the record in this case and had the court probably considered all of the evidence with respect to aggravation and mitigation, could I come here and say to you that I think that the court erred? Probably not. But here I don't see where the court has clearly told us, and I think he does have to let us know, that he's clearly considering the potential rehabilitation opportunities in the community. Probation is an option in this case. It's not where he's mandated to make it. Is my understanding correct from your brief that the conclusion is, for the reasons set forth, defendant appellant requests this court to reduce the sentence to probation? Judge, I don't think you should do that. I think you should remand it. Well, we don't have the authority to do that. Well, then I'd ask that you, or to reduce it to probation. Right. Right, I realize that. Forty-one years ago, the Illinois Supreme Court in Moliard says, Rule 615 does not grant a reviewing court the authority to reduce the sentence of imprisonment to a sentence of probation, which this court cited five months ago in a decision. I don't disagree, Judge. That was simply, I should have not stated that. I don't seek that. I simply seek a remand to the trial court for reconsideration to make certain that this individual defendant did, in fact, have the opportunity to be considered for rehabilitation and probation. Thank you. Okay, thank you. Mr. Zimmerman. May I please report? Counsel. Counsel. Good morning. My name is John Zimmerman. I'm from the Fourth District Appellate Prosecutor's Office. In this case, as your honors are aware, the defendant alleges three main things where the trial court erred in its sentencing decision. The first is it failed to consider the mental health issues of defendant and failed to grant probation, and it failed to consider the rehabilitation potential of defendant or that the trial court did not clearly state that. As your honors stated, the court does not need to state that. In People v. Harris, a recent decision from your honors where Justice Harris concurred with Justice Kinect, the court is not required to expressly outline every factor it considers for sentencing, and we presume the court considered all mitigating factors on the record in the absence of explicit evidence to the contrary. Here there is evidence of the defendant's mental health issues. The evidence showed he had ADHD, he had delayed language acquisition, and past traumatic experiences. Whether the trial court articulated these issues or not, there is no abuse of discretion. The sentence was within the permissible statutory range, and the defendant's mental health was presumed to be considered as there was no evidence to the contrary. Second, in regards to probation and rehabilitation, the state would first like to address in the defendant's reply brief. He stated we waived this issue as we did not address it, but we did address it. We combined the probation analysis with rehabilitation. And as your honors are aware, when sentencing an individual, a trial court must balance the individual's rehabilitative potential with the seriousness of the offense. Each decision must be based on the particular circumstances of the case, and the court must consider the defendant's credibility, demeanor, general moral character, etc. As previously stated, there is a presumption that the court did consider the evidence, unless there is evidence to the contrary. Here again evidence was present showing the defendant's troubled past, multiple DUIs, previous convictions for possession of marijuana, unsuccessful attempts at rehabilitation, probation, community service, as well as a prior battery. And I believe the defendant was arrested for a DUI while this initial case was already going on, so that says something about his rehabilitative potential. There was also evidence in mitigation that was shown. There were multiple witnesses, as counsel stated. He was in pursuit of a higher education. He was attempting to reform and better serve society, etc. And here the evidence presented showed that the court properly weighed the defendant's rehabilitative potential against the seriousness of the offense, and that probation was not a viable outcome. The trial court stated on the record, he's had opportunity after opportunity through the courts to address his substance abuse and his alcohol issues. He's putting the public at risk. The court here is clearly weighing the rehabilitative factor against the danger to the public, and they ultimately decided that he was more dangerous. The defendant argues by citing case law that rehabilitation must be an actual objective, and it must be clearly stated by the trial court. As Your Honors stated, this is not the law. The trial court did consider the evidence that was presented, and there's a presumption that the court considered it whether they stated it or not. As argued in our brief, the trial court's findings did not depart from the spirit of the purpose of the law. It was within the spirit and the purpose of the law. It was constitutional. It was not excessive. The sentence was within statutory guidelines. They lessened it, as Your Honors noted. And at the reconsideration hearing, the trial court did in fact amend. Mr. Martinez was asked about the reconsideration hearing and the trial court's explanation for granting the motion in part to reduce sentencing. What explanation was provided for that? For lowering? Yes. I believe the court did recognize that the defendant was making progress. The defendant had a statement of malecution where he did admit to his wrongs, that he was trying to better himself. And the court even said he was a very smart individual. He was progressing in his classes, and he was doing a great job. And I think all the evidence that was presented made the court realize that they should lessen the defendant's sentence because he was showing some signs of progress. Accordingly, there is no abuse of discretion in the trial court's sentencing decision. The lower court should be given the deference that it is entitled to, and if there are no further questions, the State requests this court to affirm the lower court's judgment. All right. Thank you. Thank you. Mr. Martinez. With respect to the last question asked by Justice Steigman, at page 73 of the transcript, the trial court states, quote, I agree with the court with the State's recommendation regarding the sentence in 14 CF 1705, which is a request for five years. However, I believe based upon the mitigation evidence that I have received today, I intend to enter an amended judgment order in 14 CF 1069. The question then becomes, is mitigation evidence, is that considered sufficient to encapsulate rehabilitative evidence or not? I think that's my only point in this case, that mitigation is different than the potential for rehabilitation. Judge, is it enlisted under the mitigating factors? I can't sit here and tell you, Judge. I'm absolutely positive of that. Okay. Didn't the court also state in reducing his sentence, I've got a fuller picture of defendant who is obviously an intelligent and articulate individual who, absent the substance abuse issues, has the ability to be a contributing member of society? He does. Doesn't that speak directly to rehabilitative potential? Judge, one might infer that, but it also I think points to the fact that the court said maybe I don't give this guy a break because he's had the chances and he didn't do it. I think those are different things, and that's my only point here is that if you look at the testimony presented by the trial court, and again, if I'm wrong with respect to whether or not the court has to specifically address the issue, then I'm going to lose. But I believe that if you look at the cases I mentioned, and in fact you look at what was done in this case, there wasn't anything specifically set forth. You can read pages 71 to 74. There's nothing there concerning rehabilitation. Thank you. Okay. Thank you, counsel. The case will be taken under advisement and a written decision shall issue.